JUDGE: THE HONORABLE MARC L. BARRECA
CHAPTER: 7
HEARING LOCATION: COURTROOM 7106
HEARING DATE: JULY 6, 2018
HEARING TIME: 9:30 A.M.
RESPONSE DATE: JUNE 29, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **VALENTINA CHERPANOVA CHERPANOVA BETTER LEARNING,** <br><br> Debtor(s), <br><br> **VALENTINA CHERPANOVA CHERPANOVA BETTER LEARNING,** <br><br> Plaintiff, <br><br> vs. <br><br> **QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, SELECT PORTFOLIO SERVICING, INC., KUO CHING YEE, and JASON WINDOM, and John Does 1-6 as applies,** <br><br> Defendants. | Case No.: 18-11518-MLB <br><br> **ADVERSARY CASE NO.: 18-01054-MLB** <br><br> **DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** |

## I. RELIEF REQUESTED

Defendant Jason Windom moves for dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted. First, Plaintiff's Complaint should be dismissed with prejudice because Plaintiff cannot demonstrate that a violation of the automatic stay actually occurred, and any future amendment to the Complaint would be futile. The subject property is not an asset of the Debtor, a

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -1
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

Case 18-01054-MLB    Doc 13    Filed 06/11/18    Ent. 06/11/18 20:34:04    Pg. 1 of 14

Washington limited liability company named Valentina Cherepanovoa Better Leaning Inc (hereinafter "Debtor"). At all relevant times, the property was owned by Valentina Cherepanova and two other individuals; the Debtor never had an equitable or legal interest in the subject property. In addition, Plaintiff's Complaint should be dismissed as to Mr. Windom because it does not include any facts from which a reasonable inference could be drawn that Plaintiff is entitled to the relief sought against Mr. Windom. Specifically, the Complaint fails to allege any facts demonstrating that Mr. Windom engaged in any conduct that constituted a willful violation of the automatic stay. Therefore, Plaintiff's Complaint fails to state a claim for relief against Mr. Windom, and its claims should be dismissed pursuant to Rule 12(b)(6).

## II. FACTUAL SUMMARY

On April 13, 2018, Plaintiff filed an emergency Chapter 7 bankruptcy petition at 9:15am.[1] Plaintiff notified the foreclosure trustee, Quality Loan Service Corporation ("Quality") and Select Portfolio Services Inc. ("SPS") of the bankruptcy filing prior to the sale.[2] The Trustee Sale took place 15 minutes later, at 10:00am.[3] After the sale, Plaintiff requested that "Quality and other defendants" void the sale under RCW 61.24.050(2), the Washington Deeds of Trust Act ("DTA").[4]

Plaintiff filed the pending Complaint, Dkt. no. 1, on May 9, 2018 against Quality, SPS, Kuo Ching Yee, and Jason Windom. Plaintiff alleges that all Defendants violated the stay under § 362(a)(1), § 362(a)(2), and § 362(a)(3) as a result of the occurrence of the Trustee's Sale and the parties' failure to void the sale after the fact.[5] Plaintiff also claims that Quality violated the DTA, RCW 61.24.080(3). Plaintiff further alleges that it suffered damages of loss of income and

---

[1] Compl. Dkt. no. 1, at ¶¶ 7, 9.
[2] Compl. Dkt. no. 1, at ¶¶ 4, 7.
[3] Compl. Dkt. no. 1, at ¶¶ 7, 9.
[4] Compl. Dkt. no. 1, at ¶ 7.
[5] *See* Compl. Dkt. no. 1, at ¶¶ 6, 7, 9, 11, 12, 14., 15.

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -2
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

loss of equity due to Defendants' actions. Plaintiff claims it is entitled to damages under 11 USC § 362(k)(formerly 362(h)) and injunctive relief under 11 USC § 105 as to all Defendants.[6]

### III. ISSUES PRESENTED

1. Whether Plaintiff's Complaint should be dismissed under Rule 12(b)(6) because the subject property was not an asset of the Debtor corporation and therefore no violation of the bankruptcy stay occurred given that the foreclosed property was not "property of the estate" subject to the protections of the bankruptcy code and no action or proceeding against the Debtor occurred?

2. Whether, under *Iqbal/Twombly* and Federal Rule of Civil Procedure 8(a), Plaintiff fails to state a claim upon which relief can be granted against Defendant Jason Windom because the Complaint does not provide any factual basis for the conclusory allegation that Mr. Windom willfully violated the automatic stay?

### IV. EVIDENCE RELIED UPON

This motion is supported by the pleadings and documents in the court record as well as matters of public record that the Court takes judicial notice of, including all documents filed in Case no. 18-11518-MLB and the publicly recorded documents attached as exhibits to the Declaration of Susan K. Kaplan.

### V. AUTHORITY AND ARGUMENT

**A. STANDARD FOR DISMISSAL**

A complaint must be dismissed for failing to state a claim upon which relief can be granted.[7] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[8] In considering 12(b)(6)

---

[6] Compl. Dkt. no. 1, at ¶¶ 1, 14, 18.
[7] Fed. R. Civ. P. 12(b)(6).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -3
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

motions, courts assume all well-pleaded, non-conclusory factual allegations contained in the complaint are true and will determine whether such facts plausibly give rise to an entitlement to relief.[9]

Additionally, in ruling on a Rule 12(b)(6) motion, a court may consider the allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.[10] The Court can take judicial notice of documents implicitly addressed in a complaint.[11] The Court also can take judicial notice of the pleadings and papers in the court's own files as well as judicial notice of other matters of public record, included publicly recorded documents like deeds of trust and notices of trustee's sale.[12] This Motion relies on the allegations presented in Plaintiff's Complaint and the records of which the Court can take judicial notice, including Plaintiff's bankruptcy petition filings with this Court and documents recorded with the Snohomish County Recorder's Office.

### B. THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE PROPERTY AT ISSUE IS NOT PROPERTY OF THE BANKRUPTCY ESTATE AND THEREFORE NO VIOLATION OF A BANKRUPTCY STAY COULD HAVE OCCURRED.

Plaintiff's Complaint fails to state a claim for relief because the foreclosed property at issue in this case is not owned by the Debtor or part of the bankruptcy estate in any way.[13] As a result, the foreclosure sale could not have violated the automatic stay that occurred when the Debtor filed for bankruptcy. A Chapter 7 automatic stay only applies to actions brought against

---

[9] *Iqbal*, 129 S. Ct. at 1950.
[10] *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 899–900 (9th Cir. 2007).
[11] *See*, *e.g.*, *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in the complaint, but not explicitly incorporated therein, if the complaint relies on the document and authenticity is unquestioned."); *Abram v. Wachovia Mortg. Wells Fargo Bank*, No. 12–1679 (JLR), 2013 WL 1855746, at *1 n.2 (W.D. Wash. Apr. 30, 2013) ("Even if a document is not attached to the complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to it or it forms the basis of the plaintiff's claim.").
[12] *See, e.g.*, *Mahoney v. Sessions*, 871 F.3d 873, 876 n.2 (9th Cir. 2017) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006)); *Spitzer v. Aljoe*, Case no. 13-cv-05442-MEJ, 2016 WL 3275148, at *4 (N.D. Cal. Jun. 15, 2016) (taking judicial notice of publicly recorded documents, including deeds of trust and notices of default); *Grant v. Aurora Loan Services, Inc.*, 736 F.Supp.2d 1257 (C.D. Cal. 2010) (compiling cases in which courts have taken judicial notice of recorded documents such as deeds of trust and notices of trustee's sales).
[13] Kaplan Decl. Exs. A, B, C.

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -4
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

debtors themselves, their property, or estate property.[14] The automatic stay does "not operate to protect the debtor's officers or their property pledged as security from foreclosure."[15] Nor does a § 362(a) automatic stay apply to actions against codebtors or sureties.[16] Property of the estate is the property that the debtor has a legal or equitable interest in at the time of the bankruptcy filing.[17]

Here, Plaintiff makes the conclusory allegation that Defendants, including Mr. Windom, violated the automatic stay under § 362(a)(1) ("the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . .") and under § 362(a)(3) ("any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate").[18] Even if the Complaint contained sufficient factual allegations to support these conclusory statements, the Complaint nevertheless fails to state a claim for relief when the Court considers documents that are a matter of the public record.

According to the bankruptcy petition[19] and the publicly recorded notice of trustee sale and deed of trust documents, the bankruptcy Debtor has never had a legal or equitable interest in the foreclosed property.[20] Rather, three individuals named Valentina Cherepanova, Vladimir V. Cherepanov, and Andrey Cherepanov are the co-owners of the property—Valentina Cherepanova and Vladimir Cherepanov as husband and wife and Andrey Cherepanov as unmarried man as his separate estate.[21] All recorded documents related to the Trustee's Sale demonstrate that these three individuals are the borrowers on the mortgage as well as the legal

---

[14] *See In re Torrez*, 132 B.R. 924, 944 (Bankr. E.D. Cal. 1991).
[15] *In re Torrez*, 132 B.R. at 944.
[16] *U.S. v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (1993) ("[U]nless the assets of the bankrupt estate are at stake, the automatic stay does not extend to actions against parties other than the debtor, such as codebtors and sureties.").
[17] *See* 11 USC § 541(a).
[18] Plaintiff also alleges a violation of the stay under § 362(a)(2) ("the enforcement . . . of a judgment . . ."); however, because there is no allegation that a judgment was obtained or enforced against Plaintiff, the Complaint fails to state a prima facie case for violation of the automatic stay under § 362(a)(2).
[19] Case no. 18-11518-MLB, Dkt. no. 1.
[20] Kaplan Decl. Exs. A, B, C.
[21] Kaplan Decl. Exs. A, B, C.

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -5
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

title holders of the subject property.[22]  The recorded documents also demonstrate that the Trustee's Sale was brought against these individuals, not the against the corporate Debtor.[23]  Even if these individuals are officers of the Debtor corporation, property owned by a corporation's officers is not part of the corporation's bankruptcy estate.[24]  Moreover, the bankruptcy petition states that Valentina Cherepanova is a codebtor on the property, and actions against codebtors do not violate a Chapter 7 automatic stay.[25]

The Complaint therefore fails to state a claim for violation of the automatic stay under § 362(a)(1) because no "commencement or continuation . . . of a[n] . . . action or proceeding against the debtor" occurred.  Likewise, the Complaint fails to state a claim for violation of the automatic stay under § 362(a)(3) because no act to obtain possession of, or exercise control over, property of the estate occurred.  Because Plaintiff has no equitable or legal interest in the foreclosed property, future amendments to the Complaint would be futile, and the Complaint should be dismissed with prejudice.

## C. **PLAINTIFF'S CLAIMS AGAINST MR. WINDOM SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD ANY FACTS THAT WOULD ALLOW THIS COURT TO INFER THAT MR. WINDOM IS LIABLE FOR THE ALLEGED VIOLATION OF THE STAY.**

Plaintiff's Complaint fails to state a claim for relief against Mr. Windom because it contains only conclusory statements that merely and formulaically recite the elements of the cause of action rather than provide the operative facts necessary to demonstrate a sufficient basis for relief.  The U.S. Supreme Court has decisively ruled that such bare conclusory statements and allegations are insufficient for a complaint to survive a dismissal action.[26]

---

[22] Kaplan Decl. Exs. A, B, C.
[23] Kaplan Decl. Exs. A, B, C; *see also* Case no. 18-11518-MLB, Bankruptcy Petition, Dkt. no. 1.
[24] *See In re Advanced Ribbons and Office Products, Inc.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991).
[25] Case no. 18-11518-MLB, Bankruptcy Petition, Dkt. no. 1, at 6; *Dos Cabezas Corp.*, 995 F.2d at 1491.
[26] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940–41, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545–46, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -6
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

1. <u>Plaintiff's Complaint should be dismissed because Plaintiff failed to plead any facts that would allow this Court to infer more than the sheer possibility that Mr. Windom engaged in any conduct that violated the bankruptcy stay.</u>

Plaintiff's Complaint fails to state a claim against Mr. Windom because it does not include any facts from which a reasonable inference could be drawn that Plaintiff is entitled to the relief sought. A blanket assertion that the Plaintiff has a legally cognizable right of action without any supporting factual allegations fails to elevate a complaint beyond the realm of speculation.[27] Although a court must accept as true all of the factual allegations contained in the complaint, this principle does not apply to legal conclusions or conclusory statements.[28] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth.[29] Without facts to support its legal conclusions, a complaint does not demonstrate a plausible—as opposed to merely possible—entitlement to relief and must therefore be dismissed for failure to state a claim upon which relief can be granted.[30]

For example, in *Twombly*, the U.S. Supreme Court found that plaintiff's bare conclusory allegation about an ostensible unlawful agreement amounted to a legal conclusion that was not entitled to the assumption of veracity.[31] The court concluded that the complaint did not provide sufficient factual allegations to plausibly suggest that an unlawful agreement existed and dismissed the plaintiff's complaint for failure to state a claim upon which relief could be granted.[32]

Similarly, in *Iqbal*, the Court found that the bare assertions that defendants "knew of, condoned, and willfully and maliciously agreed to subject [plaintiff] to harsh conditions of confinement as matter of policy, solely on the account of [plaintiff's] religion, race, and/or

---

[27] *Iqbal*, 129 S. Ct. at 1949–50; *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2).
[28] *Iqbal*, 129 S. Ct. at 1949–50; *Twombly*, 550 U.S. at 555.
[29] *Iqbal*, 129 S. Ct. at 1949.
[30] *Id.* at 1949–50.
[31] *Twombly*, 550 U.S. at 555–57.
[32] *Id.* at 568–70.

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -7
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

national origin and for no legitimate penological interest" (internal quotation marks omitted); that one defendant was the "principal architect" of this policy; and that another defendant was "instrumental in adopting and executing it" all amounted to "nothing more than a formulaic recitation of the elements of a constitutional discrimination claim."[33] The Court opined that such "allegations are conclusory and not entitled to be assumed true" and held that the complaint must be dismissed because it did not plausibly suggest that plaintiff was detained based solely on his race, religion, or national origin.[34]

Here, Plaintiff simply asserts that all Defendants violated the stay by "participat[ing] in the purchase of Plaintiffs [sic] Subject property";[35] by "ignoring" the bankruptcy;[36] by proceeding against the property of the Plaintiff's estate by executing the Trustee Sale;[37] by "proceeding with the Trustee Sale after notice";[38] and by failing to take affirmative action to stop the Trustee Sale after notice.[39] These allegations are perfect examples of the conclusory pleading format rejected by the Supreme Court in *Twombly* and *Iqbal*. Plaintiff offers no facts indicating that Mr. Windom, a Realtor, engaged in any specific conduct related to the Trustee Sale that violated § 362(a)(1), § 362(a)(3), or any other protection of § 362(a). First, the Complaint fails to allege any factual allegations as to how Mr. Windom, as a Realtor,[40] is connected to the property in any way or what conduct he engaged in that was directed at the subject property; there are no factual allegations demonstrating that he is a creditor, a purchaser, a bidder, a trustee, a beneficiary, or any other party in interest related to the subject property or the Trustee Sale.

---

[33] *Iqbal*, 129 S. Ct. at 1951.
[34] *Id.* at 1952.
[35] Compl. Dkt. no. 1, at ¶ 6.
[36] Compl. Dkt. no. 1, at ¶¶ 9, 14.
[37] Compl. Dkt. no. 1, at ¶ 15.
[38] Compl. Dkt. no. 1, at ¶ 14.
[39] Compl. Dkt. no. 1, at ¶¶ 6, 9, 12, 14.
[40] Compl. Dkt. no. 1, at ¶ 4.

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -8
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

Case 18-01054-MLB    Doc 13    Filed 06/11/18    Ent. 06/11/18 20:34:04    Pg. 8 of 14

Second, there are no factual allegations as to how Mr. Windom participated in the purchase of the foreclosed property, proceeded against the property, ignored the bankruptcy, and/or failed to take affirmative actions to stop the sale, or even how this alleged conduct violated the bankruptcy stay. Mr. Windom's mere presence at the Trustee Sale could constitute "participation," "proceeding against the property," or "ignoring the bankruptcy," but would not amount to "commencement or continuation . . . of a[n] . . . action or proceeding against the debtor" as required to violate § 362(a)(1) or even an act to obtain possession of, or exercise control over, property of the estate as required to violate § 362(a)(3). Likewise, there are no factual allegations that demonstrate that Mr. Windom, a mere Realtor, could have or did commence or continue any action or proceeding related to subject property. Moreover, the authority to commence, continue, or execute a Trustee Sale is governed by the DTA, which provides that only the Trustee has such authority.[41]

Similarly, there are no factual allegations that demonstrate that Mr. Windom had the legal authority or the necessary property interest to take any action "to stop the Trustee Sale, "to correct the unlawful sale," or to "[v]oid the sale." These actions all are governed by the DTA and a party's legal interest in the property.[42] Plaintiff fails to allege any facts demonstrating that Mr. Windom had any authority under RCW 64.24.50 or any other provision of the DTA to void the Trustee's Sale or stop the Trustee's Sale from proceeding. Nor are there any facts demonstrating how the conduct Plaintiff alleges amounted to "commencement or continuation . . . of a[n] . . . action or proceeding against the debtor" as required to violate § 362(a)(1) or amounted to an act to obtain possession of, or exercise control over, property of the estate as required to violate § 362(a)(3). A failure to take affirmative action cannot be a possessory action or a legal proceeding directed at the property if the party does not have legal authority to act.

---

[41] *See* RCW 64.24.050 – .130.
[42] *See* RCW 64.24.050 – .130.

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -9
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

Like the factually sparse complaints in *Twombly* and *Iqbal*, here, Plaintiff's Complaint is made up of bare legal conclusions poorly disguised as factual allegations, which amount to nothing more than a formulaic recitation of the elements of a § 362(a) violation cause of action. There are no facts upon which this Court could conclude that 1) Mr. Windom acted in any way to commence a proceeding or obtain a possessory interest or control over the subject property or 2) that he engaged in any other act prohibited by § 362(a). Plaintiff's Complaint fails to demonstrate that entitlement to relief against Mr. Windom is even possible, much less plausible as required to avoid dismissal under Rule 12(b)(6). The claims against Mr. Windom should therefore be dismissed.

2. <u>Plaintiff fails to allege any facts demonstrating that Mr. Windom willfully violated the stay as required to state a claim under 11 USC § 362(k)(1).</u>

Even if the Complaint sufficiently alleged that Mr. Windom engaged in conduct that violated the automatic stay under § 362(a), the Complaint nevertheless fails to state a claim for relief under 11 USC § 362(k)(1) as to Mr. Windom because Plaintiff fails to allege any facts demonstrating Mr. Windom willfully violated the automatic stay. To show an entitlement to damages under 11 USC § 362(k)(1) (formerly 362(h)), a Plaintiff must allege specific facts that support the legal conclusion that a defendant acted willfully.[43] The "willful" element is not met unless the defendant had knowledge of the bankruptcy proceeding and/or stay prior to engaging in the conduct that allegedly violated the automatic stay.[44]

Here, the Complaint makes the conclusory allegations that all Defendants violated the stay by participating in the purchase of the foreclosed property, by proceeding against the property of the Plaintiff's estate by executing the Trustee Sale, and by failing to take affirmative

---

[43] 11 USC 362(k)(1); Rule 8(a); *Iqbal*, 129 S. Ct. at 1951; *Twombly*, 550 U.S. at 555–57.
[44] *See In re Ozenne*, 337 B.R. 214, 220 (B.A.P. 9th Cir. 2006) ("The willfulness test for automatic stay violations merely requires that: (1) the creditor know of the automatic stay; and (2) the actions that violate the stay be intentional." (internal quotations omitted)).

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -10
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

action to stop the Trustee Sale.[45] However, Plaintiff fails to allege that it informed Mr. Windom of the bankruptcy or that Mr. Windom had knowledge of the bankruptcy petition filing or automatic stay prior to the close of the foreclosure sale on April 13, 2018.[46] Indeed, it would have been nearly impossible for Mr. Windom to have had notice of the bankruptcy filing and automatic stay prior to the Trustee's Sale because, according to the Complaint, the bankruptcy petition was filed only 45 minutes prior to the start of the foreclosure sale.[47] Because the willful element is not sufficiently alleged as to Mr. Windom's knowledge of the bankruptcy prior to the "commencement or continuation . . . of a[n] . . . action or proceeding"—i.e. the Trustee Sale— the Complaint fails to state a claim against Mr. Windom for violation of the stay under § 362(a)(1).

Likewise, the Complaint fails to set forth any facts demonstrating that Mr. Windom, a Realtor,[48] engaged in any willful conduct following the foreclosure sale that would constitute a violation of the stay under § 362(a)(3). Plaintiff alleges that Defendants violated the stay after the foreclosure sale by taking "no affirmative action to correct the unlawful Sale"[49] and by not voiding the sale.[50] These allegations are deficient however, because the Complaint fails to allege that Mr. Windom had possession of the property, any type of legal interest in the foreclosed property, or any legal authority under the DTA, such that he could take actions affecting ownership and title to the property after the foreclosure sale. Specifically, there are no factual allegations that demonstrate that Mr. Windom is a creditor, the purchaser, beneficiary, trustee, or that he is anything other than a disinterested party after the foreclosure sale occurs. Nor does the

---

[45] Compl. Dkt. no. 1, at ¶¶ 6, 9, 12, 14.
[46] *See* Compl. Dkt. no. 1. Plaintiff only alleges that it notified Quality Loan Service Corporation and Select Portfolio Services Inc. of the bankruptcy filing. Compl. Dkt. no. 1, at ¶ 7. At no point does Plaintiff allege that it informed Mr. Windom or any of the other Defendants of the bankruptcy prior to the foreclosure sale.
[47] Compl. Dkt. no. 1, at ¶¶ 6, 9. In fact, the Complaint fails to set forth any facts demonstrating that Mr. Windom had knowledge of the bankruptcy filing or automatic stay at any point prior to service of the Complaint on Mr. Windom.
[48] Compl. Dkt. no. 1, at ¶ 4.
[49] Compl. Dkt. no. 1, at ¶ 7.
[50] Compl. Dkt. no. 1, at ¶ 7.

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -11
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

Complaint allege that Mr. Windom acted in any way to obtain possession of, or exercise control over, the subject property after the close of the foreclosure sale. Therefore, Plaintiff fails to state a claim against Mr. Windom for willful violation of the stay under § 362(a)(3).

Because Plaintiff fails to allege facts demonstrating that Mr. Windom had knowledge of the bankruptcy prior to the foreclosure sale and because Plaintiff fails to allege facts demonstrating any willful conduct by Mr. Windom that could have violated the stay after the close of the foreclosure sale, the Complaint fails to state a claim for relief under 11 USC § 362(k) against Mr. Windom.

3. <u>The Complaint should be dismissed as to Mr. Windom because 11 USC § 362(k)(1) does not apply to Plaintiff.</u>

In addition to its insufficient factual pleading, Plaintiff also fails to state a claim for relief under 11 USC § 362(k) because Plaintiff, as a corporate entity rather than an individual, is not entitled to any relief under § 362(k). Section 362(k)(1) states: "an **individual** injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."[51] This provision only applies to individual debtors; corporations like the Plaintiff cannot bring actions for damages under § 362(k).[52] Therefore, Plaintiff cannot demonstrate an entitlement to the relief requested, and its claim for damages under 11 USC § 362(k)(1) must be dismissed.

4. <u>Plaintiff's claim for injunctive relief under 11 USC § 105 against Mr. Windom should be dismissed because no legal basis exists for injunctive relief against Mr. Windom.</u>

The Complaint fails to state a claim for injunctive relief against Mr. Windom. The only specific factual allegation in the Complaint with respect to Mr. Windom is that he is a

---

[51] 11 USC § 362(k)(1) (emphasis added).

[52] *See In re Goodman*, 991 F.2d 613, 619 (9th Cir. 1993) (finding that, while a corporate entity can be a person, it cannot be an individual for purposes of § 362(k)(1) (formerly 362(h)), because "individual" is not synonymous with "person."); In re Pace, 67 F.3d 187, 192–93 (9th Cir. 1995).

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -12
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

Realtor.[53] There are no factual allegations demonstrating that Mr. Windom is anything more than a disinterested party as to the property at issue. As a disinterested party, he has no possessory or other legal or equitable interest in the subject property and therefore is not engaging in any action that could be enjoined by this Court with respect to voiding the sale or returning the property to Plaintiff. Therefore, there is no legal basis for injunctive relief against Mr. Windom, and Plaintiff's claim for injunctive relief should be dismissed as to Mr. Windom.

## VI. CONCLUSION

For the foregoing reasons, Defendant Jason Windom respectfully requests that this Court dismiss with prejudice Plaintiff's claims against Mr. Windom.

Dated: June 11, 2018                                CARROLL, BIDDLE, & BILANKO, PLLC

By:  */s/Jeffrey E. Bilanko*
     Jeffrey E. Bilanko, WSBA 38829

     */s/Susan K. Kaplan*
     Susan K. Kaplan, WSBA 40985

     */s/Ann C. Harrie*
     Ann C. Harrie, WSBA 49145

     Carroll, Biddle, & Bilanko, PLLC
     801 2nd Avenue, Suite 800
     Seattle, WA 98104
     Phone: (206) 489-5549
     Email: jbilanko@cbblegal.com
     Email: skaplan@cbblegal.com
     Email: aharrie@cbblegal.com
     Attorneys for Defendant Jason Windom

---

[53] Compl. Dkt. no. 1, at ¶ 4.

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -13
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

Case 18-01054-MLB    Doc 13    Filed 06/11/18    Ent. 06/11/18 20:34:04    Pg. 13 of 14

# CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day a true and accurate copy of the document to which this declaration is affixed was filed with the above-entitled Court through CM/ECF and was sent as indicated below on this day, to:

**Pro Se Plaintiff**:
Valentina Cherepanova
Valentina Cherepanova Better Learning
5310 109th Street NE
Marysville, WA 98271

☒ U.S. Mail Postage Prepaid
☐ CM/ECF
☐ Overnight Mail
☐ Email:

**Defendant Quality Loan Service Corporation of Washington:**
Robert W. McDonald
108 1st Ave S Ste 202
Seattle, WA 98104
Tel.: (206) 673-6523
Fax: (206) 257-3163

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: rmcdonald@qualityloan.com

**Defendant:**
Select Portfolio Servicing, Inc.

☐ U.S. Mail Postage Prepaid
☐ CM/ECF
☐ Hand Delivery
☐ Email:

**Defendant Kuo Ching Yee:**
Rory C. Livesey
Livesey Law Firm
600 Stewart Street, Suite 1908
Seattle, WA 98101
Tel.: (206) 441-0826

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: rory@liveslaw.com

DATED this 11th day of June 2018.

*/s/ Stephanie M. Hosey*
Stephanie M. Hosey, Paralegal

**DEFENDANT JASON WINDOM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATION OF THE AUTOMATIC STAY TITLE 11 §326(a)(1)-(8) AND OTHER RELIEF** -14
(18-01054-MLB)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

1119993/32081398v2

Case 18-01054-MLB   Doc 13   Filed 06/11/18   Ent. 06/11/18 20:34:04   Pg. 14 of 14